**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Adrian M. Nusbaum,** | ) | **CASE NO. 1:26 CV 688** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Eric Wendling, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>INTRODUCTION</u>

*Pro se* Plaintiff Adrian M. Nusbaum filed this action against Lexington Police Sergeant

Eric Wendling and Lexington Police Sergeant Michael Davis.  Plaintiff's Complaint is very

brief and contains few factual allegations.  He states that Sergeant Wendling and Sergeant Davis

came to his home.  He indicates that he has schizophrenia. He states that his two-year old

nephew was present, but he gives no indication of what transpired to cause police to be called or

even who called them.  He indicates that the officers took his firearm.  He does not state whether

he was holding the firearm, had immediate access to the firearm, or if it was secured in proper

storage.  He states the officers initially attempted to place the firearm with another individual to

hold for Plaintiff in a secure gun safe but eventually they determined it was best to confiscate it.

Plaintiff indicates the firearm was returned to him four months later, but he provides no

information on the circumstances under which it was returned.  He does not allege any other

facts. He claims the officers took his firearm due to his mental illness in violation of the Americans with Disabilities Act. He also asserts claims for violation of his Second, Fourth, and Fourteenth Amendment rights. He seeks monetary damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 6). That Application is granted.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an

unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

**<u>DISCUSSION</u>**

Plaintiff's Complaint never rises above the speculative level to state a plausible claim for relief. The only information available to the Court from the pleading is that Plaintiff has schizophrenia, police were called to his house, a two-year old was present, Plaintiff had a firearm, police temporarily removed the firearm from his possession, and Plaintiff's firearm was returned to him four months later. Like most rights, the right secured by the Second Amendment is not unlimited. *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008). Restrictions may be placed on the possession of firearms by felons and the mentally ill, and the ability to carrying firearms in sensitive places such as schools and government buildings. *Id.* Conditions and qualifications may be placed on the commercial sale of firearms. *Id.* Based on the allegations in the Complaint, plaintiff fails to state a claim for a Second Amendment violation as it appears that the officers acted appropriately believing Plaintiff posed a danger to himself or others. He also includes claims for violations of his Fourth and Fourteenth Amendment rights. However, he includes no factual allegations that would support or explain these claims. Absent additional factual allegations, Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim upon which relief may be granted under the Americans with Disabilities Act, 42 U.S.C. § 12132. The ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by

-3-

Title I of the statute;(2)  public services, programs, and activities, which are the subject of Title II; and (3) public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Of these, only Title II could be at issue.  Title II of the ADA prohibits a public entity from discriminating against disabled individuals.  42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A).  The individual Defendants do not qualify as a State or local government under Title II of the ADA.  *Williams v. McLemore,* 247 Fed.Appx. 1, 8 (6th Cir. 2007).  This claim cannot be brought against the officers.

**<u>CONCLUSION</u>**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 6) is granted.  This action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 6/8/2026

-4-